UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MYSTI SEALS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1447** |
| **GULFMARK AMERICAS INC. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Judgment on the Pleadings
(Doc. 18).  For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Mysti Seals brings this action as representative of her deceased
husband Glenn Seals, who was electrocuted on board the M/V Polaris while
working as a Jones Act seaman for Defendant Tidewater Marine, LLC
("Tidewater"). The M/V Polaris was owned by Defendant GulfMark Americas,
Inc. Plaintiff brings claims for Jones Act negligence and unseaworthiness.

In the instant motion, Plaintiff moves for Judgment on the Pleadings
under Federal Rule of Civil Procedure 12(c) as to one of Defendant Tidewater's
affirmative defenses. Specifically, in their answer Defendants pleaded that
Plaintiff's recovery is limited to pecuniary losses authorized by the Death on
the High Seas Act ("DOHSA"). Plaintiff argues that this defense is unavailable

as a matter of law to Tidewater as a Jones Act employer and should be dismissed.

<u>**LAW AND ANALYSIS**</u>

The Court finds at the outset that Plaintiff's Motion is procedurally improper. "[A] plaintiff desiring early resolution of an affirmative defense may seek to strike it under Federal Rule of Civil Procedure 12(f)."[1] "A motion to strike under Rule 12(f) is the most appropriate mechanism to contest the sufficiency of affirmative defenses, not a motion for judgment on the pleadings under Rule 12(c)."[2] "If a plaintiff seeks to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading, he should proceed under Rule 12(f) rather than under Rule 12(c) because the latter leads to the entry of a judgment."[3] Plaintiff's request that this Court find that Defendant Tidewater cannot succeed on its pecuniary damages affirmative defense under DOHSA as a matter of law would not result in judgment. Rather, it would only serve to preclude the affirmative defense. Accordingly, the Court construes the motion for judgment on the pleadings as a motion to strike under Rule 12(f).[4]

Federal Rule of Civil Procedure 12(f) allows the Court to, among other things, strike "from any pleading any insufficient defense." "The Court may

---

[1] C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank, 838 F.3d 655, 660–61 (5th Cir. 2016).

[2] *In re* Waggoner Cattle, LLC, No. 18-20126-RLJ-11, 2022 WL 5264707, at *1 (Bankr. N.D. Tex. Apr. 28, 2022); Franks v. Tyhan, Inc., No. CV H-15-191, 2016 WL 1531752, at *2 (S.D. Tex. Apr. 15, 2016).

[3] 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1369 (3d ed. 2004).

[4] The Court notes that Plaintiff's Motion appears to be untimely under Rule 12(f), which requires a motion to strike be filed within 21 days of being served with the relevant pleading. However, the Court finds that the Motion also fails on its merits as detailed herein.

strike a defense as insufficient if the defense is insufficient as a matter of law or if the pleading fails to give fair notice of the defense raised."[5] Motions to strike are generally disfavored and "should be used sparingly by the courts," as it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] . . . when the pleading to be stricken has no possible relation to the controversy."[6] Therefore, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[7]

In her motion, Plaintiff moves for dismissal of the following affirmative defense included in the answer filed on behalf of both Defendants:

> The incident alleged in Plaintiff's Complaint occurred more than one marine league from shore, and accordingly Plaintiff's recovery for damages and losses attributable to the incident, if any, is limited to pecuniary losses authorized by the Death on the High Seas Act, 46 U.S.C. § 30301.

Plaintiff argues that the affirmative defense that DOHSA limits Plaintiff's recovery to pecuniary losses is not available to Tidewater as the decedent's Jones Act employer and therefore is insufficient as a matter of law. Plaintiff

---

[5] *CarrollClean LLC v. ACE Am. Ins. Co.*, No. 3:21-CV-01359-N, 2022 WL 598243, at *2 (N.D. Tex. Feb. 28, 2022). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Under Federal Rule of Civil Procedure 8(c), defendants must plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

[6] *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

[7] *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (internal quotation marks omitted) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004); *Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F. Supp. 2d 938, 944 (W.D. La. 2004)).

contends that the Jones Act provides decedent's exclusive remedy against his employer, Tidewater. Plaintiff admits, however, that "both the Jones Act, 46 U.S.C. § 30104 et seq., and the Death on the High Seas Act, 46 U.S.C. § 30301 et. seq. limit a claimant to 'pecuniary damages.'" That said, Plaintiff argues that she is entitled to recover survival damages for her husband's pain and suffering under the Jones Act whereas DOHSA would preclude this recovery in an unseaworthiness action against a non-employer vessel owner.

These arguments aside, Plaintiff crucially acknowledges that DOHSA precludes survival damages "in an unseaworthiness action against the non-employer vessel owner, GulfMark Americas, Inc., as the Jones Act is not implicated."[8] Accordingly, the affirmative defense at issue is applicable to at least one of the Defendants that asserted it in the Defendants' joint answer. Striking the defense from the answer would therefore be improper. Further, Plaintiff has not offered any argument as to how she is prejudiced by the inclusion of the affirmative defense. "Courts that have granted motions to strike based on prejudice look to factors like delay, whether the challenged statements will unnecessarily prolong or prevent discovery, or increase the parties' expenses."[9] Plaintiff has not made that showing here.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

---

[8] Doc. 18.
[9] Hi-Tech Elec., Inc. of Delaware v. T&B Constr. & Elec. Servs., Inc., No. CV 15-3034, 2017 WL 660645, at *2 (E.D. La. Feb. 15, 2017).

New Orleans, Louisiana this 14th day of November, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**