**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MYSTI SEALS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1447 c/w 26-102** |
| **GULFMARK AMERICAS INC. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Petitioners GulfMark Americas, Inc. and Tidewater Marine, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 39). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On June 3, 2025, Glenn Seals died in an accident on board the M/V Polaris, owned by GulfMark Americas, Inc. ("Gulfmark"), while working as a Jones Act seaman for Tidewater Marine, LLC ("Tidewater"). Shortly after, Plaintiff Mysti Seals, the decedent's wife, was appointed as the personal representative of the decedent's estate by a probate court in Alabama. Mysti Seals then brought claims in this Court for Jones Act negligence and unseaworthiness against Gulfmark and Tidewater arising out of her husband's death ("the Wrongful Death Action"). Subsequently, Gulfmark and Tidewater filed a Complaint for Exoneration from or Limitation of Liability as owner and owner pro hac vice of the M/V Polaris ("the Limitation Action"). The Court entered a standard limitation injunction prohibiting prosecution of any actions

against the Limitation Petitioners.[1] The two actions were consolidated before this Court.

On May 29, 2026, the decedent's children, Glenn Seals Jr. and G.S., a minor represented by Marzella Wesley ("Decedent's Children"), filed an Answer and Claim in the Limitation Action, seeking damages for decedent's death. Petitioners now move to dismiss those claims arguing that Decedent's Children are not decedent's personal representatives and are therefore not the proper parties to assert a wrongful death claim. They also argue that Decedent's Children have failed to adequately allege a conflict of interest with the personal representative, Mysti Seals, that would allow them to intervene in this action. Mysti Seals responded in agreement with the Petitioners' Motion to Dismiss. Decedent's Children oppose.

Subsequent to filing an opposition to Petitioners' Motion to Dismiss, Decedent's Children also filed a Motion for Leave to File Amended Answer and Claims and Motion for Leave from Limitation Injunction to Move to Intervene.[2] In that motion, Decedent's Children sought to amend their Answer and Claims to add additional facts supporting a conflict of interest between them and the personal representative. They also sought to intervene in the Wrongful Death Action. The magistrate judge considered that Motion. The magistrate judge allowed Decedent's Children to amend their Answer and Claims without considering whether such amendment would be futile, reserving that determination to this Court's resolution of the instant Motion to Dismiss.[3] In addition, she allowed Decedent's Children to move to intervene in the Wrongful

[1] No. 26-102, Doc. 5.
[2] Doc. 48.
[3] Doc. 50.

Death Action, noting that it would not violate the limitation injunction.[4] As a result of the magistrate' ruling, Decedent's Children filed Amended Answer and Claims adding facts in support of their position that they have a conflict of interest with the personal representative, Mysti Seals.[5] However, they have not yet moved to intervene in the Wrongful Death Action. The Court will consider the Amended Answer and Claims in deciding Petitioners' Motion to Dismiss.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[6] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[8] The court need not, however, accept as true legal conclusions couched as factual allegations.[9] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[10] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

[4] *Id.*
[5] Doc. 51.
[6] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[7] *Id.*
[8] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[9] *Iqbal*, 556 U.S. at 678.
[10] *Id.*

the court must dismiss the claim.[11] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[12]

## LAW AND ANALYSIS

Petitioners correctly point out the Death on the High Seas Act ("DOHSA") requires that an action for wrongful death that occurs "on the high seas beyond 3 nautical miles from the shore of the United States" be brought by "the personal representative of the decedent."[13] In addition, the Jones Act authorizes a cause of action for the wrongful death of a seaman to be brought by "the personal representative of such seaman."[14] Accordingly, "beneficiaries, including the decedent's children, are not real parties in interest and may not independently prosecute such a claim."[15] "The Supreme Court has held that a 'personal representative' is the court-approved executor or administrator of the decedent's estate."[16] It therefore cannot be seriously contested that Mysti Seals is the proper party to bring the DOHSA and Jones Act wrongful death and survival claims on behalf of the decedent Glenn Seals.

That said, "this limitation does not extinguish a beneficiary's underlying interest; rather, it channels prosecution of the claim through a single

---

[11] *Lormand*, 565 F.3d at 255–57.

[12] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[13] 46 U.S.C. § 30302.

[14] In re Shamrock Marine, LLC, No. CV 26-85, 2026 WL 2162722, at *1 (E.D. La. July 27, 2026).

[15] *Id.*

[16] Calton v. Zapata Lexington, 811 F.2d 919, 921 (5th Cir. 1987) (citing Briggs v. Walker, 171 U.S. 466, 472–73 (1898)).

representative, who holds any recovery in trust for the beneficiaries."[17] When a beneficiary believes he or she is inadequately represented by the representative, such as where a conflict of interest exists, he or she is not without recourse "but must proceed by intervention under Federal Rule of Civil Procedure 24."[18] Decedent's Children, however, have not moved to intervene in the Wrongful Death Action. Rather, they allege a conflict of interest between them and the personal representative in their Answer and Claims against Petitioners. Even assuming these allegations are adequately pled, they are improperly included in a claim against Petitioners and do not transform Decedent's Children into real parties in interest to bring a wrongful death claim against Petitioners. If Decedent's Children contend that the personal representative does not adequately represent their interests in the Wrongful Death Action, they should instead file a motion to intervene in that action. Because no such motion has been filed, the Court declines to address whether Decedent's Children have adequately alleged a conflict of interest.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The Answer and Claims filed by Glenn Seals Jr. and G.S., a minor represented by Marzella Wesley, against Petitioners GulfMark Americas, Inc. and Tidewater Marine, LLC are **DISMISSED WITH PREJUDICE**. This dismissal is without prejudice to the rights of Glenn Seals Jr. or G.S. to seek intervention under Rule 24.

---

[17] *In re Shamrock Marine, LLC*, 2026 WL 2162722, at *1.

[18] *Id.*

New Orleans, Louisiana this 1th day of October, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**