UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYSTI SEALS, as personal representative of decedent Glenn Seals | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1447 c/w 26-102 |
| GULFMARK AMERICAS, INC., ET AL. | * | SECTION "H" (2) |

**ORDER AND REASONS**

Pending before me is the Motion to Intervene filed by Glenn Seals, Jr. and Marzella Wesley, as Next Friend of decedent's minor daughter, G.S. ECF No. 53. Mysti Seals, as Personal Representative of Decedent Glenn Seals; GulfMark America, Inc.; and Tidewater Marine LLC filed timely Opposition Memoranda. ECF Nos. 56–57. Glenn Seals, Jr. and Marzella Wesley filed a timely Reply Memorandum. ECF No. 60. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. This matter was referred to me for resolution pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(A).

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Intervene filed by Glenn Seals, Jr. and Marzella Wesley, as Next Friend of decedent's minor daughter, G.S. (ECF No. 53) is GRANTED for the reasons stated herein.

## I. BACKGROUND

### A. Factual Background

Glenn Seals, Sr. ("Glenn Sr.") died from electrocution while working aboard the M/V POLARIS. ECF No. 1, ¶¶ 5–6. Glenn Sr. had two children: Glenn Seals, Jr. ("Glenn Jr.") and a minor daughter, G.S. ECF No. 53-2, ¶ 5. Marzella Wesley, is the mother of the minor G.S. (collectively, Ms. Wesley, Glenn Jr., and G.S. are the "Movants"). *Id.* At the time of his death,

Glenn Sr. was married to Mysti Seals. *Id.* ¶ 6.

Movants and Mrs. Seals present contradicting stories about the amicability amongst themselves and Glenn Sr. Movants allege that Mrs. Seals has "displayed hostility toward her husband's other children." ECF No. 53-1, at 1–2. In particular, Movants allege that Mrs. Seals: (1) complained when Glenn Sr. would give financial assistance to Glenn Jr., (2) prevented Ms. Wesley from attending Glenn Sr.'s funeral, which in effect, prevented G.S. from attending, and (3) denied the children any of Glenn Sr.'s personal effects. *Id.* at 2.

For her part, Mrs. Seals contends that Movants "have falsely accused [her] of scandalous behavior." ECF No. 56, at 6. Mrs. Seals contends that she: (1) had an amicable relationship with Glenn Jr. prior to this lawsuit and never attempted to prevent Glenn Sr. from providing his children with financial support, (2) provided the funeral information to Glenn Jr. but Ms. Wesley was late to the funeral home and missed the viewing window, and (3) has collected a set of personal effects for each child, which they have refused to acknowledge. *Id.* at 6–7.

**B. <u>Procedural Background</u>**

Mrs. Seals (as the personal representative) filed suit against the vessel owners (GulfMark Americas, Inc.; Tidewater Marine, LLC; and/or Tidewater, Inc.) and Glenn Sr.'s employer, Tidewater Marine, LLC. ECF No. 1, ¶¶ 1–3, 7.[1] Petitioner GulfMark Americas, Inc. and Tidewater Marine, LLC, as owners of the M/V POLARIS, (together, the "Vessel Owners") later filed a Complaint for Exoneration from or Limitation of Liability and Declaratory Judgment. EDLA No. 26-102, ECF No. 1. Mrs. Seals filed an answer and claim in the limitation proceeding, which proceeding was transferred and consolidated with this case. *Id.*, ECF Nos. 6 & 29; *see also* EDLA Nos. 26-102, ECF Nos. 8–10.

---

[1] Tidewater, Inc. was later voluntarily dismissed. ECF No. 9.

The Court issued an Order that, among other things, established a deadline for filing claims and enjoined other actions.[2] Within the limitation claims period, Movants filed an answer and claim asserting a conflict between Mrs. Seals and Glenn Sr.'s children. ECF No. 33, at 11–12. The Vessel Owners moved to dismiss Movants' Answer and Claims, which the Honorable Jane Triche Milazzo granted. ECF Nos. 39, 52. Movants also filed a Motion for Leave from the Limitation Injunction to Allow a Motion to Intervene which I granted. ECF Nos. 48, 50. In ruling on the Motion to Dismiss, Judge Milazzo acknowledged Movants' right "to seek intervention under Rule 24" of the Federal Rules of Civil Procedure. ECF No. 52, at 5.

Movants have now filed this Motion to Intervene as of Right under Rule 24(a)(2) along with a proposed Complaint in Intervention. ECF Nos. 53; 53-1, at 3–4; 53-2. They argue that their intervention is necessary because of personal animosity and a conflict of interest that exists between them and Mrs. Seals. ECF No. 53-1, at 1–2. The Reply reiterated the same arguments.

In Opposition, Mrs. Seals argues that she stands ready to fulfill her fiduciary duty for the protection of all beneficiaries. ECF No. 56, at 4–8. She further contends that Movants' intervention is untimely because their own procedural missteps caused the delay. *Id.* at 2–4.

The Vessel Owners also oppose the motion and assert that, contrary to Judge Milazzo's ruling, the proposed Complaint in Intervention is improper because it "makes a direct claim against Petitioners" rather than only a claim in intervention against Mrs. Seals, as decedent's personal representative. ECF No. 57, at 1. The Vessel Owners argue that the Complaint in Intervention,

[2] EDLA No. 26-102, ECF No. 5, ¶ 5 at 2–3 ("The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Limitation Petitioners, as aforesaid, against the POLARIS, her crew, against any employees, agents, representatives, or property of Limitation Petitioners, or against Limitation Petitioners' Underwriters, except in this action, to recover damages for or in respect of any loss, damage or injury, occasioned or incurred on the said voyage of the POLARIS, as alleged in the Complaint, be and they hereby are restrained, stayed, and enjoined until the hearing and determination of this action.").

"as currently worded, should be dismissed." *Id.* at 4.

## II. APPLICABLE LAW AND ANALYSIS

### A. Purported Conflicts of Interest with the Personal Representative

Claims for wrongful death under both the Death on the High Seas Act and the Jones Act are brought through a personal representative.[3] That "personal representative" is "the court-approved executor or administrator of the decedent's estate."[4] She has a fiduciary duty and must hold "any recovery in trust for the beneficiaries named in the Act."[5] If other beneficiaries are wronged by the personal representative, "they may later bring a cause of action against the personal representative if necessary."[6]

But there is a caveat to the personal representative's sole control. If there is a conflict between different classes of beneficiaries, a beneficiary may intervene in the personal representative's lawsuit.[7] In other words, "[a] beneficiary who is inadequately represented by the representative (e.g., where a conflict of interest exists) is not without recourse, but must proceed by intervention under Federal Rule of Civil Procedure 24."[8]

In this case, it is undisputed that Mrs. Seals is the personal representative.[9] In light of Movants' contention that there is a conflict of interest between them and Mrs. Seals, I must

[3] 46 U.S.C. §§ 30104, 30302; *see also Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987) (citation modified) ("The Jones Act authorizes a cause of action for the wrongful death of a seaman, to be brought by the personal representative of such seaman.").

[4] *Calton*, 811 F.2d at 921; ECF No. 52, at 4.

[5] *Calton*, 811 F.2d at 922; *In re Am. River Transp. Co.*, No. 20-416, 2021 WL 5029441, at *3 (E.D. La. Sept. 29, 2021).

[6] *In re Am. River*, 2021 WL 5029441, at *3 (citing *Calton*, 811 F.2d at 922).

[7] *Id.* at *2 ("[A] beneficiary may advocate for individual interests through intervention in the personal representative's suit if a conflict of interest among two or more beneficiaries exist."); *Calton*, 811 F.2d at 921 ("This Court and others have recognized that Jones Act beneficiaries can intervene in the personal representative's suit if a conflict of interest exists.").

[8] *In re Shamrock Marine, LLC*, No. 26-85, 2026 WL 2162722, at *1 (E.D. La. July 27, 2026).

[9] Judge Milazzo noted that it "cannot be seriously contested that [Mrs.] Seals is the proper party to bring the DOHSA and Jones Act wrongful death and survival claims on behalf of" Glenn Sr. ECF No. 52, at 4. Indeed, no party has. Movants define Mrs. Seals as the "Personal Representative" in their motion. ECF No. 53-1, at 1.

determine whether Movants are entitled to intervene as of right under Rule 24(a)(2).

**B. Intervention**

To be entitled to intervene as of right under Rule 24, Movants must demonstrate that (1) they timely applied for intervention; (2) they have an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede their ability to protect that interest; and (4) they are inadequately represented by the existing parties.[10] "Failure to satisfy one requirement precludes intervention of right,"[11] so the absence of any one element requires denial of intervention as of right.[12] But Rule 24 is to be "liberally construed," with "doubts resolved in favor of the proposed intervenor."[13]

Movants bear the burden of establishing their right to intervene.[14] "[T]he inquiry under Rule 24 (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention of right must be measured by a practical rather than technical yardstick."[15] At the intervention stage, the court must analyze the request by assuming the factual allegations are true.[16]

**1. Timeliness**

In assessing timeliness, the court considers: (1) the length of time during which the intervenors knew or should have known of their interest in the case; (2) the extent of prejudice to

---

[10] *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[11] *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).
[12] *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005); *see also Abita Springs v. U.S. Army Corps of Eng'rs,* No. 15-451, 2015 WL 13533518, at *3 (E.D. La. Sept. 25, 2015) ("Failure to meet any of the four elements is fatal to intervention.") (citing *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978)).
[13] *Entergy Gulf States La., L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (citation modified).
[14] *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).
[15] *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (citation modified).
[16] *La Union de Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

the existing parties; (3) the extent of prejudice to the would-be intervenors; and (4) unusual circumstances.[17] The requirement of timeliness guards against prejudicing the original parties by failure to apply sooner, but federal courts should allow intervention "where no one would be hurt and greater justice could be attained."[18] Timeliness is not measured in absolute terms but rather is assessed based on the circumstances.[19]

The first factor focuses on "the time lapse between the applicant's receipt of actual or constructive knowledge of his interest in the litigation and the filing of his motion for intervention;" the clock runs "either from the time the applicant knew or reasonably should have known of his interest, or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit."[20] Courts "look to the actions of the litigants" to make this determination.[21]

Movants argue that they first learned of the lawsuit in October 2025, but they believed they were prohibited from seeking to intervene based on the limitation injunction entered in January 2026. ECF No. 53-1, at 5. So instead, they filed a claim in the limitation case. *Id.* Now that they have been granted leave to intervene, they contend that they have promptly done so. *Id.* In opposition, Mrs. Seals argues that Movants' procedural missteps have delayed these proceedings for over a year. ECF No. 56, at 3. While the delay is serious, Movants have been actively attempting to assert their rights. And once granted leave to intervene, they did so promptly.

The second factor "is concerned 'only with that prejudice which would result from the would-be intervenor's failure to request intervention as soon as he knew or reasonably should have

---

[17] *Adam Joseph Res.*, 919 F.3d at 865.
[18] *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).
[19] *Wal-Mart*, 834 F.3d at 565.
[20] *Edwards v. City of Hous.*, 78 F.3d 983, 999 (5th Cir. 1996) (citations omitted).
[21] *Gen. Land Off. v. Trump*, No. 24-40447, 2025 WL 1410414, at *4 (5th Cir. May 15, 2025) (per curiam) (quoting *United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023)).

known about his stake in the action.'"[22] Prejudice "must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation."[23] The likelihood that intervention may interfere with orderly judicial processes must be ignored.[24]

Movants contend that there is no prejudice because no depositions have been taken and trial is not set until June 2027. ECF No. 53-1, at 5. They also argue that this intervention can come as no surprise as Mrs. Seals has been aware of their attempt to enter this case. *Id.* Mrs. Seals argues that she has been prejudiced by being "forced to wait while the beneficiaries unnecessarily and unjustifiably delay prosecution of" this case. ECF No. 56, at 3. As no substantial steps have been taken in this case, the delay has not severely prejudiced Mrs. Seals.

The third factor "focuses on the prejudice the potential intervenor would suffer if not allowed to intervene."[25] "Courts have held that there is no prejudice and therefore intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means."[26] "But a would-be intervenor may still be prejudiced where the resolution of the current case could limit the relief available in separate future litigation."[27] Courts must assess whether the case's resolution would restrict "any potential remedy" sought in another case.[28]

Movants argue that they would be prejudiced if they cannot intervene because they would

---

[22] *Id.* at *5 (citation modified).
[23] *Sierra Club*, 18 F.3d at 1206.
[24] *Gen. Land Off.*, 2025 WL 1410414, at *5.
[25] *Ross v. Marshall*, 426 F.3d 745, 756 (5th Cir. 2005) (citation modified).
[26] *Gen. Land Off.*, 2025 WL 1410414, at *6 (citation modified).
[27] *Id.*
[28] *Id.* at *7 (quoting *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001)); *see also In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 249 (5th Cir. 2009) ("Texas also might have pursued its interest by suing the settlement administrator in state court . . . . If Texas won such a suit, however, . . . [t]he settlement administrator would be presented with conflicting federal and state orders regarding the same property.").

lack the ability "to present their own evidence and protect [their] interests when damages and settlement are addressed." ECF No. 53-1, at 6. They contend that they cannot trust Mrs. Seals because of the "personal animosity" and "obvious financial conflict" between them. *Id.* Mrs. Seals argues that there is no prejudice as she is fully committed and prepared to carry out her fiduciary duty. ECF No. 56, at 4. She contends that "[u]nsubstantiated allegations to the contrary do not change this fact." *Id.* Unlike the purported prejudice Mrs. Seals faces by mere delay, Movants would be prejudiced by their inability to present their own case and participate in settlement negotiations. An after-the-fact lawsuit for breach of fiduciary duty cannot replace their opportunity to prove a showing of support in the initial proceeding.

And, finally, the fourth factor considers "unusual circumstances." Movants contend that this case presents an unusual circumstance because from their viewpoint, they were "legally prohibited" from "intervening sooner." ECF No. 53-1, at 6. Mrs. Seals responds that "a failure to follow the law" is not an unusual circumstance. ECF No. 56, at 4. There are no unusual circumstances.

Although Movants' delay in seeking leave to intervene resulted from their failure to understand the law,[29] they acted in an efficient manner once granted leave to intervene. Considering all the relevant timeliness factors, Movants have satisfied this requirement.

**2. Interest**

The second requirement for intervention of right requires the movant have an interest relating to the property or transaction that is the subject matter of the case.[30] Mrs. Seals agrees that Movants have an interest in this proceeding.[31] This factor is met.

[29] Movants somehow still assert their incorrect understanding in their reply. ECF No. 60, at 3.
[30] *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc).
[31] ECF No. 56, at 4 ("Mysti Seals agrees that the beneficiaries have an interest relating to the property or transaction which is the subject of the action. They are statutory beneficiaries entitled to recover damages for decedent's death.").

**3. Disposition of the Case May Practically Impair or Impede Their Ability to Protect That Interest**

While it is true that Movants could bring an action for breach of fiduciary duty after this lawsuit is resolved, as a practical matter, that remedy is distinct and not as encompassing as intervention in this proceeding. A district court calculates pecuniary loss "based upon a reasonable prediction of how much financial support and personal guidance a particular beneficiary would have received had the decedent lived."[32] To make this pecuniary loss determination, courts consider factors including: (1) the number of dependents, (2) the deceased's estimated income, (3) the likelihood of a dependent attending college, (4) how much time the deceased would have spent with the dependent, and (5) how much the deceased contributed to the dependent in the past.[33] Factors 3, 4, and 5, in particular, would benefit from Movants' active involvement and evidence. Relying on Mrs. Seals alone would, as a practical matter, impair or impede Movants' ability to protect their interests. While Mrs. Seals has actively collected evidence on these factors (and has asked for Movants' assistance in collecting such evidence which requests have allegedly been ignored), the practical difference between filtering evidence through the personal representative versus an independent presentation is clear. Movants have satisfied the third factor.

**4. Inadequate Representation By the Existing Parties**

Movants bears the burden of proving that the existing parties do not adequately represent their interest.[34] This burden is "minimal," however, and the potential intervenor "need only show that the representation '*may* be' inadequate."[35] But even though this burden is minimal, "it cannot

---

[32] *Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339, 1343 (5th Cir. 1972).
[33] *Id.*
[34] *Sierra Club*, 18 F.3d at 1207.
[35] *Id.* (emphasis added) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014); *Haspel & Davis*, 493 F.3d at 578.

be treated as so minimal as to write the requirement completely out of the rule."[36]

In *Smith v. Clark Sherwood Oil Field Contractors*, the Fifth Circuit held there was a conflict of interest between the personal representative (the deceased's brother) who acknowledged a child with disputed paternity and the widow and the deceased's four other children.[37] In that case, the disputed child's best interest would be served by proving paternity and that the deceased would have supported her through adulthood and "never again spend any of his income on his lawful family."[38] The widow and the four other children, on the other hand, would be best served by disputing the paternity of the other child and showing the deceased never would have supported her at all.[39] Regardless of who is right, "the assertion of one necessarily argues for a diminution of recovery under the other."[40] The Fifth Circuit "fail[ed] to see how one representative could adequately pursue both claims."[41] The exclusion of the widow as an intervenor was improper because she was "deprived of an opportunity to assert, and if necessary to litigate, factual issues which bear heavily on" how much each family would have received had the deceased lived.[42]

This case bears striking similarities to *Smith*. Here, Movants argue that "every dollar [Movants] would receive in this lawsuit would necessarily diminish [Mrs. Seals's] personal recovery." ECF No. 53-1, at 2. And Mrs. Seals noted that that analysis is true for some claims. ECF No. 56, at 5 ("Given the available remedies, only the loss of economic support recovery of one beneficiary impacts the recovery of the others.").

---

[36] *Edwards*, 78 F.3d at 1005 (quoting *Cajun Elec. Power Coop. v. Gulf States Utils., Inc.*, 940 F.2d 117, 120 (5th Cir. 1991)).
[37] 57 F.2d at 1343.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 1343–44.
[41] *Id.* at 1344.
[42] *Id.*

While Mrs. Seals will no doubt seek to carry out her fiduciary duty as the personal representative, at this stage of the proceeding, where I must accept Movants' allegations as true, they have alleged enough facts to establish a conflict of interest as necessary for intervention. The fourth factor is met.

Because all four relevant factors favor Movants, they are entitled to intervene as of right.

**C. The Validity of the Proposed Complaint in Intervention**

The Vessel Owners argue that the proposed complaint in intervention is deficient. ECF No. 57, at 1. But they do not explain how this is an impediment to intervention. Instead, the Vessel Owners argue that Movants' "Complaint for Intervention, as currently worded, should be dismissed." *Id.* at 4. Perhaps they are correct. But that is not before the Court at this time. Having found that all four factors are met to intervene as of right, Movants will be permitted to intervene. Of course, the Vessel Owners' are entitled to respond to the Complaint in Intervention and may pursue whatever motions they deem appropriate.

## III. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Intervene filed by Glenn Seals, Jr. and Marzella Wesley, as Next Friend of decedent's minor daughter, G.S (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court file the Proposed Complaint in Intervention (ECF No. 53-2) into the record.

New Orleans, Louisiana, this 4th day of November, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE